# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JONES, et al., | CASE NO. CV F 12-2067 LJO SMS |
| Plaintiff, | **ORDER TO DISMISS REMAINING DEFENDANTS** |
| vs. | (Doc. 20.) |
| CITIMORTGAGE, INC., et al., | |
| Defendants. | |

## BACKGROUND

This Court's April 19, 2013 order ("April 19 order") dismissed with prejudice defendant CitiMortgage, Inc. The April 19 order required plaintiffs Kevin Jones and Cheryl Jones (collectively the "Joneses") no later than April 29, 2013, to file papers either to: (a) dismiss the remainder of this action and remaining defendants; or (b) to show cause why this Court should not dismiss this action against any remaining defendants, including Cal-Western Reconveyance Corporation. The April 19 order "**ADMONISHES the Joneses and their counsel that this Court will dismiss this action against any remaining defendants if the Joneses fail to comply with this order and fail to file timely papers either to: (a) dismiss the remainder of the action and remaining defendants; or (b) show cause why this Court should not dismiss this action against any remaining defendants, including Cal-Western**

1

**Reconveyance Corporation.**" (Bold in original.) The Joneses disobeyed the April 19 order and filed no papers to address why this Court should not dismiss remaining defendants.

## DISCUSSION

### Failure To Comply With Orders

This Court's Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these [Local] Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal as the Joneses indicate a lack of interest to further litigate or prosecute claims, if any, they may have. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. The April 19 order "**ADMONISHES the Joneses and their counsel that this Court will dismiss this action against any remaining defendants if the Joneses fail to comply with this order and fail to file timely papers either to: (a) dismiss the remainder of the action and remaining defendants; or (b) show cause why this Court should not dismiss this action against any remaining defendants, including Cal-Western Reconveyance Corporation.**" (Bold in original.) The Joneses offer nothing to support pursuit of claims against any remaining defendants, including Cal-Western Reconveyance Corp. As such, the Joneses have failed to comply with the April 19 order despite adequate warning that dismissal will result from disobedience of this Court's order.

Moreover, the April 19 order demonstrates that the absence of viable claims. This Court construes absence of a meaningful response to the April 19 order as a concession that the Joneses lack viable claims against any remaining defendants, including Cal-Western Reconveyance Corp. As detailed in the April 19 order, the Joneses' claims fail to further warrant dismissal of this action in its entirety.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES this action without prejudice against any remaining defendants, including Cal-Western Reconveyance Corp.; and
2. DIRECTS the clerk to enter judgment in favor of defendant Cal-Western Reconveyance Corp. and against plaintiffs Kevin Jones and Cheryl Jones and to close this action.

IT IS SO ORDERED.

Dated:   April 30, 2013         /s/ Lawrence J. O'Neill
                                UNITED STATES DISTRICT JUDGE